Headley & McClung, for appellants.
J. Howard Thornton, for respondents.

PRATT, J. We think it sufficiently appears that the moving parties have acquired a lien on defendants' property subsequent to the attachment. The affidavit of Matthews states that the sheriff has taken possession of the property of defendants under the attachment, and is now in possession thereof, and that the execution of Matthews was thereafter duly issued and levied "on the attached property." That sufficiently describes the property, and shows it to be now held subject to process in the two proceedings. We are thus brought to the question whether the attachment was granted upon sufficient grounds. The attachment is stated to issue on the ground that defendants have assigned or disposed of, or are about to assign, or dispose of, their property, with intent to defraud their creditors. We think that the affidavits contain evidence from which the special term judge might fairly draw the inferences necessary to sustain the attachment. The creditor recites his conversations with defendants. Their statements, and the contradictions of their sister, to whom they claimed to have transferred their assets, are given at length, and we cannot say that the conclusion was unwarranted that defendants intended to transfer their property in fraud of their creditors. Just what had been done, and just what was intended to be done, it might not be easy to determine, as the statements made were conflicting. But we think enough appeared to sustain the attachment. Order appealed from affirmed, with costs.

---

(87 Hun, 502.)

ARNOLD et al. v. FEE et al.

(Supreme Court, General Term, Fifth Department. June 14, 1895.)

EASEMENTS—CREATION BY EXTENT.
    A deed to defendant's grantor of a lot bounded on the north by an alley recited, after the description of the premises, that the conveyance was "with the privilege of the main alley leading to the Palace Stables, so-called, as an easement for ingress and egress along the north line or alley line on the premises hereby deeded, for the distance of ninety-eight (98) feet west from Franklin street and no more, and for no other purpose." The lot conveyed extended along said alley 98 feet from Franklin street. On the side of the alley next the lot conveyed was a sidewalk. *Held*, that the right of way created by such deed was for such ingress and egress as should be required by the necessities of any business which the grantees might conduct on the premises, and was not restricted merely to a footway along the sidewalk.

Appeal from special term, Monroe county.
Action by Allen J. Arnold and others against James Fee and John Fee for an injunction. A demurrer to the complaint was sustained

and the complaint was dismissed, and plaintiffs appeal.     Affirmed.
The opinion of Mr. Justice RUMSEY at special term is as follows:

It appears from the complaint in this case that the plaintiffs and the defend-
ants are owners of parcels of land lying contiguous, and that one Joseph Ulrich
was at one time the common owner of both pieces.  In 1884 he conveyed to
the defendants' grantor a piece of land on Franklin street which was bounded
on the north by an alley belonging to the grantor.  The premises of the
defendants extended 98 feet on this alley.  At the end of the description of
the premises contained in the deed to defendants' grantor, and which had
been followed in the subsequent deed to the defendants themselves, is con-
tained the following: "With the privilege of the main alley leading to the
Palace Stables, so-called, as an easement for ingress and egress along the
north line or alley line of the premises hereby deeded, for the distance of
ninety-eight (98) feet west from Franklin street and no more, and for no other
purpose."  The Palace Stables, so-called, are situated upon the property of
the plaintiffs.  Access to them is had by this alley, and they are used for liv-
ery stables.  The alleyway is upon the boundary between the plaintiffs' and
the defendants' land.  Whether by the conveyance to the defendants they
were to take an interest in the land to the center of the alley it is not neces-
sary to discuss in this opinion.

It appears from the complaint that, at the time of the conveyance to the
defendants' grantor by Ulrich, there was situated upon the premises a house
standing a number of feet back from Franklin street, and that the rear of
the house extended to a point about 30 feet from the rear end of the lot along
the alley, so that for a distance of 30 feet along the rear end of the lot it was
not built upon.  On the south side of the alley there was a stone sidewalk
extending its whole length.  It is alleged in the complaint that, from the
time of the execution of the conveyance to the defendants' grantors, they, and
the defendants after them, were in the habit of using the sidewalk along the
alley for the purpose of ingress or egress to their premises, and especially to
a door which was in the wall of their premises in the rear of the house.
The open space in the rear of the house was, some time ago, built up, so
that the whole 98 feet of the defendants' premises along the alley was cov-
ered with the building.  It is alleged further in the complaint that the defend-
ants are now about to convert the house into a "farmers' hotel," and that
they propose to use that portion of the premises in the rear of the house,
being the 30 feet which was formerly left open, for stables, and access to
which they propose to have through the alley, and the complaint alleges that
it is the intention of the defendants, not only to use the sidewalk for the
passage of foot passengers, but also to use the whole of said alley for the
ingress and egress of carriages and wagons to said barn or stable, and pass
over, with such vehicles, the sidewalk along said alley, and threaten to use
the same accordingly.  The complaint contains, in addition to that, the usual
allegations of irreparable damage.

It should also be said that, shortly after Ulrich conveyed to the defendants'
grantors, he, by another deed, conveyed to the plaintiffs' grantors the re-
mainder of his property, which deed contained a provision that the alley was
subject to the easement expressed in the deed from Ulrich to the grantors
of the defendants.  The claim of the plaintiffs is that, by a proper construc-
tion of the grant of the right of way in the alley, the grantees are limited to
use it simply for ingress and egress along the sidewalk, and for foot passen-
gers, and that they have no right to enlarge its use further than they have
been accustomed to use it.  This claim is disputed by the defendants, who
insist that they have, by a fair construction of the deed, the right to use
the whole alley for such ingress and egress as the necessities of any business
which they carry on may require.  The right of the defendants to use this
alley is one which they acquire solely by virtue of the provision in their deed,
and, of course, while they can get no more than their deed gives them, they
are entitled to use it as fully as a fair construction of the deed will permit.

The well-settled rule should apply, that the construction of such a grant
is to be made liberally against the grantor, and he should be deemed to intend
to pass, by his grant, all that is within the fair meaning of the words which

he uses. Referring to the words of the grant, it will be noticed that the owner conveyed to his grantee the privilege of the main alley as an easement for ingress and egress. Standing by themselves, undoubtedly those words are sufficiently broad to permit the grantee in the deed to use this alley, not only for passage of foot passengers, but for the ingress and egress of carriages, if he saw fit to do so. Is there anything in the subsequent words which can be construed to limit this right? The exact wording of the grant is "with the privilege of the main alley leading to the Palace Stables, so-called, as an easement for ingress and egress along the north line or alley line of the premises hereby deeded." It seems to me that the words "along the north line or alley line of the premises" are not intended to limit the use of the alley, but simply to describe more particularly the situation of the premises with reference to the alley which is to be used. It will be noticed that the grant does not say as an easement for ingress and egress along the north line of the alley, but along the alley line of the premises, from which it is necessary to be inferred that the reference to the alley is made, not for the purpose of limiting its use, but for the purpose of describing the alley which is to be used. Besides that, if the words "the north line" should be construed to refer to the alley, they would give the right to the defendants to use the alley on the side opposite to that on which their premises are situated, which certainly could not have been intended. It should be noticed also that in the deed from Ulrich to plaintiffs' grantors the alley is said to be subject to the defendants' easement.

The words, "for the distance of ninety-eight feet," are operative, and I have no doubt are intended to limit the right of the defendants to go upon the alley, and to preclude them from going further than the 98 feet, and prevent them from using any entrance which may be put at the back side of their premises. They may go along this alley 98 feet, and they have the right of ingress and egress at any point for that distance, but they have no right to go beyond the 98 feet and make an entrance upon their premises along the west side, where it abuts upon the yard of the plaintiffs' land. The words "for no other purpose," at the end of the description, are to be construed, I think, as limiting the words "ingress and egress." This clause in the deed, I think, should be construed as though it read "with the privilege of the main alley for the distance of ninety-eight feet west from Franklin street, and no more, as an easement for ingress and egress, and for no other purpose."

I have examined the case of Allan v. Gomme, 11 Adol. & E. 759, and it does not seem to me that that case is controlling or is of much aid in construing this grant. The way granted in that case was to a certain place which was described therein as an open place then used for a woodhouse. The court held that the grantee of the way might use the way for all purposes for which the open space might be used, but that he was not at liberty to change the nature of the use of the open space and have the unlimited right of way to it when the use was so changed. The case has not been followed to the full extent of the decision, even in England (Henning v. Burnet, 8 Exch. 187), and I should have grave doubts whether the decision would be held applicable to the situation of affairs in this country. The right in that case was limited to the loft and open space, and within the plain terms of the grant it could not be used for access to any other place. In the case at bar the grant is not so limited. The grantee, by the express terms of his grant, may use this alley for ingress and egress for any part of the 98 feet, although he can use it for no greater distance. The grant which was construed in Allan v. Gomme was of a right of way over a yard, and it contained a provision that the yard should be used in common by the occupiers of A.'s and G.'s messuages in the same manner as the tenants had been accustomed to use it, which plainly limits the use of the way through the yard. I can find no authority for limiting the use of the words "ingress and egress" to ingress and egress by foot passengers, nor can I find anywhere within this grant any reason to believe that it was so intended. It is quite true that the complaint contains allegations that at the time of the making of the grant, and for some time afterwards, the grantees had been in the habit of using the sidewalk only along the alley for the purpose of ingress and egress to the door in the wall of their house, and for no other purpose, but it does not follow from that that

they are estopped to make use of it for another purpose, if such use is not beyond what is conveyed to them. The rule, I think, must be that the purposes for which a private way, created by the grant, may be used, depend upon the terms of the grant. If it is in general terms, it gives the grantee the use of the whole and every part of the way, and it may be used in any manner and for any purpose reasonably necessary, and, where the way is granted for all purposes, it cannot be restricted to one purpose because the owner thereof has had occasion, for a long series of years, to use it for that purpose only. 19 Am. & Eng. Enc. Law, 107. The right depends, not upon the user, but upon the construction of the grant.

As I have said before, the right here is a general right of ingress and egress, and I think it would be putting too strict a limit upon the terms of this grant to hold that it was for ingress and egress for foot passengers only. But those words undoubtedly are of force in limiting the use to which this alley may be put by the defendants. They have only the right to ingress and egress, and they have no right to use this alley for the purpose of storing wagons. They may drive in and out, and, undoubtedly, may obstruct the use of the alley to the plaintiffs while they are driving in and out, but they are not entitled to obstruct it for any other purpose, nor does the complaint allege that they intend to do so. It alleges simply that they propose to use it for ingress to and egress from their stables. That use, I think, is clearly within the terms of the grant which has been made, and, consequently, the complaint does not show that the defendants intended in any way to violate the rights of the plaintiffs, and for that reason it does not set out a cause of action.

Argued before DWIGHT, P. J., and LEWIS, BRADLEY, and WARD, JJ.

William F. Cogswell, for appellants.
John H. Hopkins, for respondents.

PER CURIAM. Interlocutory judgment affirmed, with costs, on opinion of RUMSEY, J., at special term, with leave to the plaintiffs to amend their complaint within 20 days, on payment of the costs of the demurrer and of this appeal.